UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
──────────────────────────────

JACQUELINE LEE REILLY,

                    Plaintiff,
        -vs-                         **No. 1:13-CV-00785 (MAT)**
                                     **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

──────────────────────────────

## I.   Introduction

        Represented by counsel, Jacqueline Lee Reilly ("plaintiff")
brings this action pursuant to Title XVI of the Social Security Act
("the Act"), seeking review of the final decision of the
Commissioner of Social Security ("the Commissioner") denying her
application for supplemental security income ("SSI"). The Court has
jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).
Presently before the Court are the parties' cross-motions for
judgment on the pleadings pursuant to Rule 12(c) of the Federal
Rules of Civil Procedure. For the reasons discussed below, the
Commissioner's motion is granted.

## II.  Procedural History

        The record reveals that in June 2010, plaintiff (d/o/b
July 15, 1982) applied for SSI, alleging disability as of
January 1, 2010 due to bipolar disorder and anger management
issues. After her application was denied, plaintiff requested a
hearing, which was held before administrative law judge Stanley A.
Moskal, Jr. ("the ALJ") on December 9, 2011. The ALJ issued an

unfavorable decision on April 12, 2012. The Appeals Council denied review of that decision and this timely action followed.

## III. The ALJ's Decision

The ALJ followed the well-established five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 21, 2010, the application date. At step two, the ALJ found that plaintiff's bipolar disorder and substance abuse were severe impairments. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Regarding plaintiff's mental limitations under the "B" criteria of the listings, the ALJ found that plaintiff had mild restrictions of activities of daily living ("ADLs"); moderate difficulties in social functioning; mild difficulties in concentration, persistence, or pace; and no repeated episodes of decompensation. The ALJ found no evidence of "C" criteria under the listings.

Before proceeding to step four, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: [plaintiff] should avoid work requiring constant contact with the public, co-workers or supervisors." T. 19. Because plaintiff had no past relevant work,

2

the ALJ proceeded to step five and determined that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

## IV.  Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that (1) the ALJ improperly accorded less than controlling weight to an opinion from Dr. Jeffrey Grace; and (2) the ALJ's mental RFC findings were unsupported by substantial evidence.

### A.   Treating Physician Rule

Plaintiff contends that the ALJ erred in assigning less than controlling weight to a December 2011 medical assessment submitted by Dr. Grace.[1] Plaintiff treated with Dr. Grace on one occasion in

---

[1] The ALJ opined that the signature on this assessment did not appear to be from Dr. Grace. However, the Court has reviewed the document and it appears to have been signed by Dr. Grace.

December 2011. On that visit, plaintiff's mental status examination was "relatively unremarkable," except that she "had a couple episodes of outbursts" regarding needing a prescription for Klonopin. T. 307. In his medical assessment, Dr. Grace opined that plaintiff functioned poorly in various areas of making occupational, personal, and social adjustments. Dr. Grace's commentary indicates that he based his opinions on plaintiff's reports; for example, under the section regarding "making performance adjustments," Dr. Grace stated that plaintiff's limitations were "unknown," and that she "[had] not mentioned any limitations in these areas." T. 312.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). Notably, the rule requires that a physician have a longitudinal treatment relationship with a claimant: "A doctor who examines a claimant once or twice is not a treating physician." Mongeur v. Heckler, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983); see 20 C.F.R. § 416.927(b)(2)(I) ("When the treating source has seen you *a number*

---

Therefore, for purposes of this discussion, the Court will assume that the form was signed by Dr. Grace.

*of times and long enough to have obtained a longitudinal picture of your impairment*, we will give the source's opinion more weight than we would give it if it were from a nontreating source.") (emphasis added). Dr. Grace was not a treating physician because he only treated plaintiff on one occasion. Therefore, contrary to plaintiff's argument, his opinion was not entitled to controlling weight under the treating physician rule. See, e.g., <u>Pitts v. Astrue</u>, 2010 WL 456812, *4 (W.D.N.Y. Feb. 4, 2010) (where doctor saw plaintiff "only once, he [was] not considered a treating source").

The ALJ gave no weight to Dr. Grace's opinion, noting that it was inconsistent with the other functional assessments in the record from consulting psychiatric sources Dr. C. Butensky and Dr. Gregory Fabiano. As will be more fully explained below, Dr. Butensky found that plaintiff had only moderate difficulties in maintaining social functioning, and Dr. Fabiano found that plaintiff had "considerable impairments in her ability to relate adequately with others, particularly individuals that are in authority," but that she could follow and understand simple instructions, complete basic tasks, and maintain attention and concentration as well as a regular schedule. T. 247. The ALJ gave "very great weight" to Dr. Butensky's opinion and great weight to Dr. Fabiano's opinion. T. 24. However, the ALJ had no duty to even explain what weight, if any, he gave to Dr. Grace's opinion. See

Pitts, 2010 WL 456812, *4 (noting that, under SSR 96-2p, "the ALJ was under no obligation to specifically explain the weight accorded to" a physician who treated the plaintiff on only one occasion). In any event, the ALJ's consideration of Dr. Grace's opinion, in the context of his entire discussion of the record, demonstrates that the ALJ thoroughly reviewed the record and properly applied the relevant legal principles.

**B.   Mental RFC Finding**

Plaintiff contends that the ALJ's RFC finding did not adequately reflect plaintiff's mental limitations. Noting that plaintiff did not allege and the record did not establish any exertional impairments, the ALJ found plaintiff capable of performing a full range of work at all exertional levels subject only to the nonexertional limitation that she "should avoid work requiring constant contact with the public, co-workers, or supervisors." T. 19. Plaintiff argues that this finding as to plaintiff's nonexertional limitations did not adequately reflect even the consulting opinions of Drs. Butensky and Fabiano, to which the ALJ accorded great weight.

Dr. Butensky found that plaintiff had mild restrictions in ADLs and maintaining concentration, persistence, or pace; moderate difficulties in maintaining social functioning; and no repeated episodes of decompensation. In a more detailed mental RFC assessment, Dr. Butensky found that plaintiff was moderately

limited in carrying out detailed instructions; maintaining attention and concentration for extended periods; working in coordination with or proximity to others without being distracted by them; completing a normal workday or week without interruptions from psychologically-based symptoms and peforming at a consistent pace without an unreasonable number and length of rest periods; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; responding appropriately to changes in the work setting; and setting realistic goals or making plans independently of others. Otherwise, Dr. Butensky found that plaintiff was not significantly limited. As noted above, Dr. Fabiano opined that plaintiff had "considerable impairments in her ability to relate adequately with others, particularly individuals that are in authority," but that she could follow and understand simple instructions, complete basic tasks, and maintain attention and concentration as well as a regular schedule. T. 247. Dr. Fabiano also found that plaintiff could learn new tasks and perform complex tasks independently, and that she had the ability to make appropriate decisions.

The ALJ gave "very great weight" to Dr. Butensky's opinion and great weight to Dr. Fabiano's opinion. As plaintiff herself points out, generally a limitation to only "occasional" or "limited"

contact with others has been found sufficient to account for moderate limitations in social functioning. See, e.g., Wasiewicz v. Colvin, 2014 WL 5465451, *5 (W.D.N.Y. Oct. 28, 2014) (ALJ accounted for moderate limitations by requiring "no more than occasional contact with the public, coworkers, or supervisors"); Graves v. Astrue, 2012 WL 4754740, *11 (W.D.N.Y. Oct. 4, 2012) ("[T]he ALJ did include the 'moderate' limitation . . . in regards to [plaintiff's] ability to work closely with others by finding that [plaintiff] should be limited to having only occasional contact with co-workers and members of the public[.]"). The Court finds that the ALJ's RFC finding, which stated that plaintiff should avoid "constant contact" with other individuals, adequately reflected the moderate limitations in social functioning found by Drs. Fabiano and Butensky. Even if the ALJ had rephrased this limitation and found that plaintiff should have only "limited" or "occasional" contact with these individuals, it would not have affected the ultimate disability determination.

## V. Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 14) is granted and plaintiff's cross-motion (Doc. 16) is denied. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the Complaint is dismissed in its entirety

with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:      November 2, 2015
            Rochester, New York.